ROSE et al. v. UNITED AMERICAN INS. CO. OF PENNSYLVANIA et al.

(District Court, E. D. Louisiana. February 3, 1927.)

No. 18420.

Removal of causes ⬡⟶31—Removal cannot be prevented by joining as defendant one whose interest, as against nonresident defendant, is the same as plaintiff's.

Removal of an action against a nonresident insurance company on a fire policy cannot be prevented by joining as a defendant a resident mortgagee of the property destroyed, which, under the terms of the policy, has an interest in the recovery, but which interest, as respects the company, is identical with that of plaintiff.

At Law. Action by Mrs. Marie Ranson Rose and another against the United American Insurance Company of Pennsylvania and others. On motion to remand to state court. Denied.

Paul W. Maloney, of New Orleans, La., for plaintiffs.

Monroe & Lemann and Nicholas Callan, all of New Orleans, La., for defendants.

BURNS, District Judge. A motion to remand is filed on behalf of plaintiffs, who brought this suit in the state court to recover on a policy of fire insurance issued by the defendant insurance company, wherein, after stating their cause of action, which describes the loss of a building damaged by fire, they allege:

"Petitioners further represent that the Liberty Homestead, a corporation organized under the laws of this state and domiciled in this city, has an ostensible interest in the recovery of the claim because of the fact that the loss is payable, under the policy as its interest may appear, to the said Homestead, and should therefore be made a party defendant herein."

The prayer is for a judgment against the insurance company, which is a Pennsylvania corporation, for the amount of the insurance, with the additional prayer "that there be further judgment against the said defendants, decreeing that the said Liberty Homestead be entitled, out of the recovery against the said other defendant, to such sum as may be due to it under the mortgage clause in the said policy, in order that it might be concluded under the judgment to be rendered herein as having no further rights as against your petitioners, or against the said United American Insurance Company of Pennsylvania."

This motion to remand cannot be sustained under the pleadings, which determine the removability of the cause. The interest of the Liberty Homestead runs concurrently and parallel with that of the plaintiffs, and therefore the said homestead corporation, if a necessary party to this suit, should be properly aligned as a plaintiff. It is doubtful that it has such an interest in the subject-matter of the controversy as would make it an indispensable party. However, since it has an interest in the subject-matter of the controversy, the case may be proceeded with as having been properly removed to this court, the mere form of the pleadings to the contrary notwithstanding. Lewis on Removal of Causes, pp. 256, 271, 316.

The removal of this cause could not be prevented by the unnecessary joinder of the Liberty Homestead, a citizen of Louisiana, as party defendant, when in fact the said party, upon the facts alleged in the petition, appears to have an almost identical interest as the plaintiff against the insurance company, which is a citizen of Pennsylvania.

Properly aligned, therefore, Mrs. Marie Ranson Rose and her husband, citizens of Louisiana and California, respectively, and the Liberty Homestead, a citizen of Louisiana, are plaintiffs, and the United American Insurance Company of Pennsylvania, a citizen of Pennsylvania, is properly the party defendant.

Under no circumstances apparent on the face of the record, nor reasonably to be inferred therefrom, is there any identity of interest between the defendant insurance company and the Homestead, nor any real controversy between Mrs. Rose and her husband and the said Homestead. Harrison v. Harrison (D. C.) 5 F.(2d) 1001; Fienup v. Kleinman (C. C. A.) 5 F.(2d) 140.

The motion to remand the cause to the civil district court will therefore be denied, and the case will be proceeded with on the merits, as if the said Liberty Homestead were originally a party plaintiff. The clerk will accordingly make the necessary order, allowing the defendants 10 days in which to answer on the merits.