## HELLENTHAL v. JOHN HANCOCK MUT. LIFE INS. CO. et al.

District Court, W. D. Washington, N. D.
March 12, 1929.

No. 12814.

River Lbr. Co. (C. C. A.) 280 F. 358; Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Pac. R. Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411.

The plaintiff is not unlike a minority stockholder in a corporation. The corporation, controlled by the majority, abuses its trust and refuses to sue. The minority stockholder may sue, and the corporation is a necessary party, but their interests for the purpose of the action are adverse. In the instant case the Spokane Savings & Loan Association, assignee of the policy, is trustee and refused to bring suit or join with the beneficiary in the suit. It is a necessary party, and was necessarily made a defendant. It assumes an antagonistic attitude by denying the plaintiff's claim under oath by its manager "authorized to make this verification for and on its behalf."

Where a duty is imposed, a refusal to protect the same amounts to a breach of trust. Dodge v. Woolsey, 18 How. (59 U. S.) 331, 15 L. Ed. 401. The loan society, as assignee of the insurance policy, is a trustee, and legally bound to protect the cestui que trust, and, on its refusal to do so by bringing suit or joining with the plaintiff, and not surrendering the assignment or waiving any right therein, it exposed an attitude and interest antagonistic. It makes common interest with the insurance company by denying the issuance of the policy and any liability thereon. This common interest is not severable. The ultimate interest of the loan society may be the same as the plaintiff, but, as said by the Supreme Court in Venner v. Great Northern R. Co., 209 U. S. 24, 28 S. Ct. 328, 52 L. Ed. 666, the insurance company by reason of the relation between the defendants, may have the loan society under antagonistic control, and make it act in a way detrimental to the plaintiff's right. Where the conduct of the party is shown to be antagonistic to 'the plaintiff and makes common cause and interest with the defendant, the court may not align the party as a plaintiff. Hodgman v. Atlantic Refining Co. (D. C.) 274 F. 104; Hutchinson Boxboard & Paper Co. v. Van Horn (C. C. A.) 299 F. 424; Wood v. Deskins (C. C. A.) 141 F. 500.

*The motion to remand is granted.*

Revelle, Revelle & Kells and Henry T. Ivers, all of Seattle, Wash., for plaintiff.

Kerr, McCord & Ivey, of Seattle, Wash., for defendant John Hancock Mut. Life Ins. Co.

Shank, Belt & Fairbrook, of Seattle, Wash., for defendant Spokane Savings & Loan Ass'n.

NETERER, District Judge (after stating the facts as above). The court must arrange the parties on the different sides of the controversy as their interests may appear. Casey v. Baker (D. C.) 212 F. 247; Colleton Mercantile & Mfg. Co. v. Savannah