## BROIDY v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS., et al.

### Civ. No. 10406.

United States District Court
E. D. New York.

Dec. 8, 1949.

Warner & Birdsall, New York City, attorneys for plaintiff (Arthur G. Warner, New York City, of counsel).

Cravath, Swaine & Moore, New York City, attorneys for defendant State Mutual Life Assurance Company of Worcester, Massachusetts (George S. Leonard, New York City, of counsel).

Thomas F. Dougherty, New York City, attorney for defendant First Federal Savings & Loan Association of Hempstead.

BYERS, District Judge.

This is a motion to remand the action started in a State Court, wherein the plaintiff seeks to reform the terms of a policy of life insurance issued by defendant State Mutual Life Assurance Company of Worcester, Mass., upon the life of her deceased husband.

As to the policy which was of the group insurance type, the complaint alleges in the Fifth paragraph that in the event of its becoming payable "defendant insurance company would pay off the balance of the principal due on said mortgage" up to $10,000.00.

This means that the policy was written at the time and place of the closing of a $10,000.00 mortgage obtained by the plaintiff and her husband, the insured named in the policy, from the defendant First Fed-

eral Savings & Loan Association of Hempstead, in connection with the acquisition of their home.

The circumstances attending the husband's death, and the alleged representations made by the agent of the insurance company when he solicited the policy, gave rise to this action.

The insurer removed the cause to this Court because of diversity of citizenship, and, since the loan association is a defendant, the plaintiff urges that there is a real controversy between them because the answer of the former denies a material allegation in her complaint, namely, reliance by the assured upon certain alleged representations attributed to the solicitor of the insurance company. She argues that the loan association has thus identified itself with the insurance company in an effort to thwart her asserted cause of action. Reliance is had upon Hellenthal v. John Hancock Mutual Life Insurance Co. et al., D.C., 31 F.2d 997. A reading of that opinion will dispel any appearance of resemblance to the facts here pleaded. The recital set forth in the opinion is consistent only with an association of interest between the mortgagee and the insurance company, including a denial that the policy sued upon was issued or became effective, which is quite foreign to the circumstances in this case.

Here it is apparent that the loan association has nothing to win by defeating the plaintiff's cause, but stands to gain in the event of her success.

It is a reasonable inference that the presence of the insurance solicitor at the closing of the mortgage was not entirely fortuitous, but that does not point to any identity of interest between the insurer and the mortgagee. The true alignment of the parties puts the plaintiff and the loan association on one side and the insurance company on the other. Cf. Rose et al. v. United American Insurance Co. of Pennsylvania et al., D.C., 17 F.2d 854.

If this bank is well advised, it will file an amended answer withdrawing the denial above referred to, which was probably a lapse on the part of counsel.

There is but one controversy here, and the parties in interest are the plaintiff and the insurance company, and the latter had the legal right to remove, which this Court may not properly circumscribe.

Motion to remand denied. Settle order.