HENLEY, Adm'x, v. PROTECTIVE LIFE INS. CO. et al.

Civ. A. No. 1075.

United States District Court
S. D. Mississippi, S. D.

March 13, 1951.

H. H. Parker, Poplarville, Miss., Grayson B. Keaton, Picayune, Miss., Mize, Thompson & Mize, Gulfport, Miss., for plaintiff.

M. M. Roberts and Heidelberg & Roberts, all of Hattiesburg, Miss., for defendant.

WATSON, Chief Judge.

The Plaintiff, a citizen of the State of Mississippi, originally brought this action in the Circuit Court of Pearl River County, Mississippi, against the Protective Life Insurance Company, an Alabama insurance company, doing business in Mississippi, and the First Federal Savings and Loan Association, a Mississippi corporation. Upon petition filed by Defendant Insurance Company, the case was removed from the State Court to this Court. Plaintiff now moves to remand the case to the State Court on the ground that the case was improperly removed, because the Plaintiff and one of the Defendants, the First Federal Savings & Loan Association, are citizens of the State of Mississippi, and hence this Court is without jurisdiction.

It is true that the District Courts have jurisdiction on the ground of diversity of citizenship only if all of the parties on the one side are of citizenship diverse to those on the other side. However, the jurisdiction of the District Court cannot be defeated by joining formal or unnecessary parties. Salem Trust Co. v. Manufacturers' Finance Co. et al., 1924, 264 U.S. 182, 189, 44 S.Ct. 266, 68 L.Ed. 628. Nor can the diversity jurisdiction be conferred upon or denied to the District Court by the parties' own determination of who are plaintiffs and who are defendants. It is not only the right but the duty of the Court to look beyond the pleadings and arrange the parties according to their sides in the dispute. City of Indianapolis et al. v. Chase National Bank, Trustee et al., 1941, 314 U.S. 63, 62 S. Ct. 15, 86 L.Ed. 47.

In the case of Harrison v. Harrison et al.,[1] the U. S. District Court held that for the purpose of determining the question of jurisdiction, it is the duty of the Court to disregard the formal positions which the Defendants occupy as Plaintiff or Defendants on the face of the pleadings, and to rearrange them according to their real interests in the controversy.

In the often cited "In re Removal Cases",[2] the United States Supreme Court stated:

"* * * when the controversy about which a suit in a state court is brought is between citizens of one or more States on one side, and citizens of the other States on the other side, either party to the controversy may remove the suit to the Circuit Court, without regard to the position they occupy in the pleadings as Plaintiffs or Defendants. For the purposes of a removal the matter in dispute may be ascertained, and the parties to the suit arranged on opposite sides of that dispute. If in such arrangement it appears that those on one side are all citizens of different States from those on the other, the suit may be removed. Under the old law the pleadings only were looked at, and the rights of the parties in respect to a removal were determined solely according to the position they occupied as Plaintiffs or Defendants in the suit * * *. Under the new law the mere form of the pleadings may be put aside, and the parties placed on different sides of the matter in dispute according to the facts. This being done, when all those on one side desire a removal, it may be had, if the necessary citizenship exists."

The questions before this Court, therefore, are two in number. (1) Whether or not a realignment of the parties in relation to their real interests in the matter in controversy is necessary and (2) whether

1. D.C.N.D.Miss.1922, 5 F.2d 1001.
2. 1879, 100 U.S. 457, 25 L.Ed. 593.

990

such a realignment will satisfy the settled requirements of diversity jurisdiction. ·

The facts appear to be as follows. Clarence J. Henley, Deceased, obtained a loan of $18,000 from the First Federal Savings and Loan Association on February 7, 1950, which loan was secured by a deed of trust. On or about the same date, the Plaintiff, at the request of the Bank, filed an application for a decreasing term life insurance policy to be issued by the Defendant, Protective Life Insurance Company, in the initial sum of $18,000, with the Defendant Bank named as beneficiary. Clarence J. Henley was accidentally killed on March 5, 1950, and demand was made by the Plaintiff on the Defendant Insurance Company for payment of said insurance. Defendant Insurance Company failed and refused to make a payment and settlement of the policy. Plaintiff also made demand on the beneficiary, Defendant Bank, to take necessary steps to collect said insurance and apply it to the loan made to deceased by the Defendant Bank. Said Defendant having failed to take such steps, the Plaintiff now brings this action and demands judgment against Defendant Insurance Company for the full amount of the policy plus costs.

Plaintiff further alleges in the Declaration that she makes the First Federal Savings and Loan Association Defendant, to the end that it may appear as it sees fit and join in this action for the purpose of recovering the insurance to satisfy said indebtedness, to the end that the Court may have all parties before it and that it may enter such order as may be required to apply said insurance against the payment of said indebtedness, or such order as it may find to be just in accordance wtih the rights of the parties and in accordance with the terms and provisions of said deed of trust.

The facts leave no room for doubt that on the merits there is only one real question involved in this case: What is the liability of the Defendant Life Insurance Company on the life insurance policy? This is the "primary and controlling matter in dispute". The Plaintiff makes no complaints or claims against the First Federal Savings and Loan Association, other than that it refused to take steps to collect the policy. Whether the First Federal Savings and Loan Association should have done so is not now properly before this Court.

It appears from the facts alleged in Plaintiff's declaration that the Defendant Bank has an almost identical interest as the Plaintiff against the Defendant Insurance Company. It is to the interest of both the Plaintiff and the Defendant Bank to enforce the policy, as opposed to the interest of the Defendant Insurance Company not to have the policy enforced.

In the case of Rose et al. v. United American Insurance Company of Pennsylvania et al.,[3] the facts of the case were somewhat similar to those before this Court. Plaintiff attempted to recover on a fire insurance policy from a non-resident insurance company and also named the resident mortgagee as Defendant on the ground that the mortgagee had an interest in the claim, because of the fact that the loss was payable under the terms of the policy to the mortgagee. In refusing to remand the case to the State Court, the Court stated that under no circumstances apparent on the face of the record, nor reasonably to be inferred therefrom, is there any identity of interest between the Defendant Insurance Company and the mortgagee, nor any real controversy between Plaintiff and the mortgagee.

Plaintiff and the First Federal Savings and Loan Association are in essence partners in litigation. What the Plaintiff seeks to recover, so does the First Federal Savings and Loan Association. Properly aligned, therefore, Mrs. Ethel Henley, Administratrix of the Estate of Clarence J. Henley, Deceased, and the First Federal Savings and Loan Association, all citizens of the State of Mississippi, are Plaintiffs, and the Protective Life Insurance Company, a citizen of Alabama, is properly the party Defendant.

All of the parties on the one side being of citizenship diverse to those on the other side, this Court has jurisdiction. The mo-

3. D.C.E.D.La.1927, 17 F.2d 854.

tion to remand the cause to the State Court will, therefore, be denied, and the case will proceed as if the said First Federal Savings and Loan Association were originally a party Plaintiff. An appropriate order will be filed herewith.