Carl E. WELLER, Plaintiff-Appellee,

v.

NAVIGATOR MARINE, INC., Defendant-Appellant.

No. 84–3125
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 3, 1984.

A.J. Musial, Jr., Tampa, Fla., for defendant-appellant.

James R. Betts, Tampa, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Navigator Marine, Inc. (Navigator), defendant in the district court, appeals to this court from an order entering summary judgment in favor of the plaintiff-appellee, Carl E. Weller. Weller filed this suit in the district court, requesting a declaratory judgment concerning the validity of an option to purchase real property that Weller entered into with Michael T. Brown. Navigator claims to have obtained the option to purchase from an individual named Dewey, who obtained it from Brown. Weller named Max W. Corzilius and Michael J. Martini in addition to Navigator as defendants in the district court. Weller has contracted to sell to Corzilius and Martini the property subject to the option claimed by Navigator. In entering summary judgment for Weller, the district court concluded that Navigator's option has expired and that Navigator's attempt to exercise it is therefore without effect. On appeal, Navi-

gator contends that the district court committed error in denying Navigator's motion to dismiss for lack of jurisdiction. Finding Navigator's contention to be meritorious, we vacate the judgment of the district court and remand with directions that the action be dismissed.

Weller asserts jurisdiction in this case under the diversity of citizenship provision, 28 U.S.C. § 1332. For diversity purposes, Navigator is a citizen of the State of Florida; Corzilius is also a citizen of the State of Florida. Navigator filed a motion in the district court requesting the court to realign the parties so that Corzilius and Martini would be plaintiffs, contending their "ultimate interests" in the outcome of the action to be the same of that of Weller. *See generally* Wright, Miller & Cooper, 13 Federal Practice & Procedure § 3607. Upon realignment, complete diversity would not exist because Corzilius and Navigator are both citizens of the State of Florida. Thus, Navigator requested that the district court dismiss the action for lack of jurisdiction. *See, e.g., Indemnity Insurance Company of North America v. First National Bank at Winter Park*, 351 F.2d 519 (5th Cir.1965) (section 1332 requires complete diversity to sustain jurisdiction).

In determining whether the district court properly denied Navigator's motion for realignment and dismissal, we must "determine whether there is an actual or substantial controversy between citizens of different states ...." *Id.* at 522. We look to the true interest of the parties and the positions asserted by them before the district court in making this determination. In this case, it is clear that the interest of Corzilius and Martini are the same as the interest of Weller. The record shows that Corzilius and Martini supported Weller's argument that Navigator's option was invalid. Corzilius and Martini presumably took this position in order to preserve their rights under their contract to purchase the property from Weller. The district court nevertheless concluded that Corzilius and Martini were adverse to Weller because, in the event that Weller should not prevail, Corzilius and Martini would have an action

against him for breach of contract. Although the district judge was correct in noting that Corzilius and Martini would have an action against Weller should Navigator prevail, this does not indicate that the position of Corzilius and Martini was not substantially identical to that of Weller in the suit before the court. The district court's order would be correct if, for example, Corzilius and Martini had taken the position that Navigator's option was valid in an attempt to relieve themselves of their contract to purchase the property from Weller; however, this was not the case.

Proper alignment of the parties results in an absence of federal jurisdiction. We therefore vacate the judgment of the district court and remand with directions to dismiss the action.

VACATED and REMANDED.