**Gary McLAUGHLIN, etc., Plaintiff,**

v.

**WESTERN CASUALTY AND SURETY COMPANY, a corporation, Defendant.**

**Civ. A. No. 85–0168–H.**

United States District Court,
S.D. Alabama, S.D.

April 24, 1985.

---

ORDER

HAND, Chief Judge.

Counsel for Western Casualty have filed a motion for rehearing on the question of the imposition of sanctions under Rule 11. In support of this motion they have submitted affidavits and a brief.

The arguments for reconsideration run along three lines. First, counsel contend that the law is not so clear as to be indisputable. Second, counsel argue that Rule 11 sets forth a subjective standard. Finally, counsel assert that there was no bad faith.

■ Dealing with the second contention first, the very reason Rule 11 was amended was to put some "bite" in it. A purely subjective standard could not have the therapeutic effect intended by the drafters of the amended Rule. Attorneys are required to make a *reasonable* investigation of both the law and the fact, not just enough to shore up an untenable position. True, the Court should not penalize an attorney for ingenuity or for trodding an uncertain and little used path. This case, however, was not so legally or factually complex that counsel could not easily discern the applicable law. The position espoused by defendant herein would have been more defensible in *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), yet the Supreme Court's holding is in direct opposition to defendant's contentions. Such being the case, doubt about the controlling law is incomprehensible. This Court is not punishing an attorney who has adopted a merely novel position, but sanctioning counsel for their defiance of settled case law.

■ Counsel could have discovered, by reasonable effort, that this case was no longer removable. Therefore, affidavits stating that counsel's ignorance should be excused because certain research steps were taken and because no ill intent existed do not sway the Court to alter its original order. 603 F.Supp. 978. Counsel failed to adhere to an objective standard of reasonable conduct.

In support of their contentions of good faith, counsel have also gone to great lengths in their affidavits to show that they had not been dilatory at the state court level and that the lateness of the removal was due to inadvertence. Why this case had been on the Circuit Court's docket for

four years is irrelevant to the issue at hand. In noting that time period the Court was not blaming defense counsel for the age of the case, just pointing out the approximate degree of work already done in preparing for a state court trial. Rule 11 was invoked because the *removal petition* was a dilatory pleading. As for the inadvertence to which the affidavits attest, counsel had ample time to remove this case before time to strike the jury. If the cause of delay in removing was inadvertence and neglect,[1] such negligence was inexcusable. Counsel should in any event have informed opposing counsel of their intentions. As noted in the initial order, the delay was evidence of bad faith. There was sufficient evidence from which bad faith could be inferred and counsel's arguments for a different result do not alter the inference that the Court draws.

Finally, in dealing with the clarity of the controlling case law on the propriety of removal, the Court has already noted the existence of a Supreme Court case that virtually forecloses defendant's arguments. A word needs to be added about two of defendant's contentions. Defendant asserts that discovery in the state action had revealed a discrepancy as to AmSouth's right to recover because of a possible breach of contract by the plaintiff McLaughlin. Secondly, defendant claims that the status of AmSouth as an intervenor rendered the otherwise relevant case law inapplicable.

Both of these points skirt the central issue. Removal was dependent on a proper relationship between the parties, in this case complete diversity. Complete diversity depended on proper alignment of the parties. Proper alignment depended on the parties' ultimate interests. *City of Indianapolis, supra.* A recent Eleventh Circuit case is enlightening on the point of ultimate interest. "We look to the true interests of the parties and the positions asserted by them before the district court in" determining alignment. *Weller v. Navigator Marine, Inc.,* 737 F.2d 1547 (11th Cir.1984).

*Weller* also disposes of defendant's argument concerning the potential adversity between AmSouth and McLaughlin. In *Weller* the plaintiff sought to avoid a purchase option held by the defendant. Named as co-defendants with Navigator were two persons who contracted to buy from the plaintiff, one of whom was a resident of the same state as Navigator. The trial court held that as these two *could* sue the plaintiff for breach of contract if Navigator prevailed, they were not adverse to the primary defendant. Therefore diversity existed. The court of appeals disagreed. Should Weller prevail the two co-defendants would be able to purchase the property. Their ultimate interest was adverse to Navigator and identical to the plaintiff's, therefore diversity did not exist. The situation here is similar. While AmSouth might have a remedy for breach of contract, no claim had ever been made, and the positions of AmSouth and McLaughlin before the court were identical. The fact that AmSouth was an intervenor mattered not. The test is one of real interest, not preliminary status.

As to counsel's protestations of goodwill, the Court is not persuaded. The evidence weighs in favor of the original inference of an improper motive, namely, delay. Counsel's self-serving affidavits do not swing the scales. The law on this issue was, and is, quite clear. Counsel's legal arguments, both at the prior hearing and now, are completely without merit. The removal was not justified, the penalty imposed was,

---

**1.** The Court notes that another interpretation can be impressed upon the facts attested to in the affidavits. The affidavits of counsel and a courier showed that the courier was sent to the bonding company, to obtain a removal bond, on the morning the case was set for trial. The courier was instructed to obtain the bond, go to the federal court, and wait for a call from counsel. The removal documents were incomplete, however, necessitating two side trips to the state court before the papers could be carried to the federal court after the jury was struck. In addition to negligence, it could reasonably be inferred from the events that counsel was waiting to first determine the quality of the jury being selected. If this appeared unfavorable, the case could be removed.

and the motion for reconsideration is due to be denied.

In addition to Rule 11, however, the removal statute provides authority for this Court to tax counsel for the defendant with a reasonable attorney's fee. 28 U.S.C. § 1447(c) provides that the district court "may order the payment of just costs." In this Circuit, removals taken in bad faith, as was this one, allow the district court to exercise its sound discretion and award attorney's fees as part of the just costs. *Muirhead v. Bonar*, 556 F.2d 735 (5th Cir. 1977); *Smith v. Student Non-Violent Coordinating Comm.*, 421 F.2d 522 (5th Cir.1970). Other courts have also interpreted the removal statute as authority for awarding attorney's fees. *See Peltier v. Peltier*, 548 F.2d 1083 (1st Cir.1977); *Sysm, Inc. v. IBI Security Service, Inc.*, 586 F.Supp. 53 (S.D.N.Y.1984); *Zimmerman v. Conrail*, 550 F.Supp. 84 (S.D.N.Y. 1982); *Whitestone Sav. & Loan Ass'n v. Romano*, 484 F.Supp. 1324 (E.D.N.Y.1980).

The Court has already stated its opinion that this removal was taken in bad faith. The Court therefore finds in the alternative that even if Rule 11 has not been breached, that an award of attorney's fees is appropriate under section 1447(c).

It is therefore ORDERED that the motion for reconsideration is hereby DENIED.