**AVIREX, LTD., Plaintiff,**

v.

**HIALEAH INDUSTRIES, INC.,**
**Defendant/Third–Party**
**Plaintiff,**

v.

**Ruth Y. COHEN,**
**Defendant/Third–Party**
**Defendant.**

**No. 88–1329–CIV.**

United States District Court,
S.D. Florida,
Miami District.

Sept. 12, 1990.

Rex B. Guthrie, Miami, Fla., Jay Gamberg, Hollywood, Fla., for defendant/third-party plaintiff Hialeah Industries, Inc.

Mark Mintz, North Miami, Fla., for defendant/third-party defendant Ruth Y. Cohen.

Alvaro Mejer, Coral Gables, Fla., for plaintiff Avirex, Ltd.

---

## ORDER DISMISSING CASE

MORENO, District Judge.

THIS MATTER is before the court on defendant Cohen's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(h)(3). After consideration, it is hereby:

ORDERED AND ADJUDGED that the defendant's motion is GRANTED based upon the following:

The plaintiff Avirex, Ltd., a New York based corporation with its principal place of business in New York, is a wholesaler and manufacturer of aviation wearing apparel and equipage. The defendant, Hialeah Industries, Inc., a Florida corporation, manufactured garments for the plaintiff, Avirex. Hialeah Industries maintained Avirex's goods in a warehouse owned by defendant Ruth Y. Cohen, a Florida resident. On December 20, 1986, fire broke out at Cohen's warehouse damaging much of Avirex's goods.

Avirex filed a complaint against Hialeah Industries for the damage to the goods, claiming negligent maintenance of the sprinkler system within the warehouse. Avirex then filed a claim against Cohen upon the same grounds and upon county and city code violations. In turn, Hialeah Industries filed a cross-claim against Cohen who in turn counter-cross-claimed against Hialeah Industries.

On May 29, 1990, Avirex agreed to accept $400,000.00 as a complete settlement for its claim against Hialeah Industries. The payment was provided by Hialeah Industries' insurers Marine Indemnity Insurance Company, which has never been a party to this action. In exchange, Avirex agreed to dismiss its claim against Hialeah Industries.

Subsequently, Avirex voluntarily dismissed its case against Cohen thus leaving only Hialeah's Industries' claim against Cohen and Cohen's counter claim against Hialeah Industries.

Both Avirex and Hialeah Industries seek to find that Cohen negligently maintained the warehouse and its sprinkler system where the goods were destroyed by fire. Although Avirex is a New York corporation, Hialeah Industries and Cohen are both citizens of Florida and realigned on opposite sides of this litigation.

Where federal jurisdiction rests on diversity, diversity must be *complete* between the parties. *Standard Oil Company of Texas v. J.W. Marshall*, 265 F.2d 46 (5th Cir.1959), *cert. denied*, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185 (1959). The dispositive issue before the court is whether, upon consideration of the interests of the real parties left in the case, this court maintains subject matter jurisdiction.

Diversity is established at the commencement of the action and change in citizenship by one of the parties, after the institution of the cause of action will not destroy jurisdiction. *Zurn Industries, Inc. v. Acton Construction Company, Inc.*, 847 F.2d 234 (5th Cir.1988). However, *Zurn* clearly states that the exception to the rule is re-alignment of cases where "... there must be an actual, substantial controversy between citizens of different states to sustain diversity jurisdiction. To do that, a court must 'look beyond the pleading, and arrange the parties according to their sides in the dispute'." *Zurn* at 236.

In *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547 (11th Cir.1984) the plaintiff and two of the three defendants had the identical interest in seeing that an option contract entered into between the plaintiff and one of the three defendants was invalidated by the court. Since the plaintiff and two of the three defendants were all residents of Florida, the Court found that the case should properly be aligned to reflect that they were on the same side of the dispute. That conclusion was upon the identical interests of the plaintiff and two of the defendants. The court found the District Court had no jurisdiction to resolve what should properly be resolved in a state court action.

Here, both Avirex and Hialeah Industries have the same interest in finding Cohen negligent in its maintenance of the fire prevention system. Applying the *Weller* standard, this court has no jurisdiction be-

cause diversity has been destroyed. Wherefore the motion to dismiss for want of jurisdiction is GRANTED.

DONE and ORDERED.