Bill BOLAND d/b/a Boland
Lanes, Plaintiff,

v.

STATE AUTOMOBILE MUTUAL IN-
SURANCE COMPANY; SouthTrust
Bank; and Community Bank and
Trust of Southeast Alabama, Defen-
dants.

No. CIV. A. 01–A–167–S.

United States District Court,
M.D. Alabama,
Southern Division.

June 11, 2001.

Richard Warren Whittaker, Enterprise, AL, for plaintiff.

Wayne D. Taylor, Lawrence B. Domenico, Mozley Finlayson & Loggins LLP, Atlanta, GA, L. Merrill Shirley, Elba, AL, for State Automobile Mutual Insurance Company.

SouthTrust Bank, Birmingham, AL, pro se.

Community Bank and Trust of Southeast Alabama, Enterprise, AL, pro se.

## *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This cause is before the court on a Motion to Remand (doc. # 10) and on a Request for Attorney's Fees and Costs (doc. # 19) filed by the Plaintiff Bill Boland d/b/a Boland Lanes ("Boland").

Boland originally filed this suit on January 2, 2001 in the Circuit Court for Coffee County, Alabama. On February 8, 2001, Defendant State Automobile Mutual Insurance Company ("State Auto") filed a Notice of Removal stating that this court has diversity jurisdiction over this case because both SouthTrust Bank ("SouthTrust") and Community Bank and Trust of Southeast Alabama ("CB & T") were improperly aligned as co-defendants of State Auto. Alternatively, State Auto contends that SouthTrust and CB & T were fraudulently joined in this action. The court will not reach State Auto's alternative argument. For reasons to be discussed, Boland's Motion to Remand and Request for Attorney's Fees and Costs are due to be DENIED.

## II. *REMAND STANDARD*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. *BACKGROUND*

The facts, as they pertain to the Motion to Remand, are as follows:

Boland is a citizen and resident of the state of Alabama who owns bowling alleys in Enterprise, Alabama and Andalusia, Alabama. State Auto is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business located in Ohio. SouthTrust and CB & T are banks and, for diversity purposes, citizens of Alabama.

Boland insured his bowling alleys for replacement cost for loss or damage and for business income interruption expenses through State Auto. On or about July 11, 2000, Boland's Enterprise bowling alley allegedly suffered lightening-related damage. On or about November 8, 2000, Boland's Andalusia bowling alley also allegedly suffered lightening-related damage. Boland claims that he repaired the damage to both facilities out of his own pocket after an agent of State Auto represented to him that he would be reimbursed under the insurance policy for his repair expenses. This lawsuit is predicated on Boland's claim that State Auto has, in derogation of its contractual obligation to Boland, failed to pay for covered damages.

SouthTrust and CB & T are mortgagees of Boland. SouthTrust's loan to Boland is secured by the Andalusia bowling alley while CB & T's loan and open line of credit to Boland are secured by the Enterprise bowling alley. Both SouthTrust and CB & T (collectively "the Banks") are named as mortgage holders and loss payees in the State Auto policy issued to Boland.

Boland's Complaint brings claims for breach of contract against State Auto (Counts One and Two), for reformation against State Auto and the Banks (Count Three), and for a declaratory judgment seeking a determination of the rights and obligations of the parties. (Count Four).

## IV. *DISCUSSION*

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

Because of the complete diversity requirement, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff. Here, Boland joined two Alabama residents, SouthTrust and CB & T, as defendants in his Complaint. If this was proper, the court is without jurisdiction under

28 U.S.C. § 1332, and this case must be remanded to state court. State Auto's Notice of Removal claims that the Banks, as mortgage holders and loss payees, are not in a position adverse to Plaintiff. In fact, State Auto argues that the Banks' ultimate interests in the outcome of this action are aligned with those of Boland.

■ In addressing Boland's Motion to Remand, this court must determine "whether there is an actual or substantial controversy between citizens of different states." *Weller v. Navigator Marine, Inc.,* 737 F.2d 1547, 1548 (11th Cir.1984) (quoting *Indemnity Ins. Co. of North America v. First Nat'l Bank at Winter Park, Fla.,* 351 F.2d 519, 522 (5th Cir.1965)).[1] Diversity jurisdiction cannot be conferred upon a federal district court by the parties' declaration of who are plaintiffs and defendants. Consequently, this court is not bound by the way a plaintiff aligns the parties in his original pleading. *City of Indianapolis v. Chase Nat'l Bank of City of New York,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941); *see also* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3607 (1984). It is the court's responsibility to align the parties according to their interests in litigation and, "if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes." *Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir.1983). The court's alignment of the parties must be determined according to "the principal purpose of the suit and the primary and controlling matter in dispute." *First Nat'l Bank at Winter Park, Fla.,* 351 F.2d at 522 (citing *City*

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

*of Indianapolis,* 314 U.S. at 72, 62 S.Ct. 15.).

Here, State Auto contends that the principal purpose of Boland's suit and the primary and controlling matter in dispute is insurance coverage. Boland does not directly dispute this contention, but rather points to a putative secondary dispute between himself and the mortgagees/loss payees. Boland claims that the provisions of the insurance policy which required him to make repairs prior to a determination of coverage conflict with the terms of the policy which make the Banks loss payees. In short, Boland claims that a controversy exists between himself and the Banks in regard to any insurance proceeds State Auto would be required to pay over for the previously discussed repairs under the policy.

■ The record before the court leaves no room to doubt but that there is only one central issue to resolve in this case: What is the liability of State Auto on the insurance policy it issued Boland? This is the "primary and controlling matter in dispute." With regard to coverage, Boland and the Banks have very similar interests. It is in the interest of Boland, SouthTrust, and CB & T to enforce the policy, as this will tend to benefit Boland financially and to enhance the value of the Banks' collateral. On the other hand, State Auto's pecuniary interest favors a denial of coverage which conflicts with the interests of Boland and the Banks. There is certainly no identity of interests between State Auto and the Banks. *Accord Rose v. United American Ins. Co. of Pennsylvania,* 17 F.2d 854 (E.D.La.1927) (holding that loss payee should be realigned with insured in suit originally brought by insured against insurer and loss payee).

Precedent of the Supreme Court and the Eleventh Circuit requires this court to "search out" the principle purpose of the suit and the primary and controlling matter in dispute and align the parties accordingly. *See United States Fidelity and Guar. Co. v. Algernon–Blair, Inc.,* 705 F.Supp. 1507, 1512 (M.D.Ala.1988) (Thompson, J.) (discussing *City of Indianapolis* and *Weller*). In the present case, beyond the primary dispute regarding coverage where Boland and the Banks are united in interest, there is a possible secondary dispute between Boland and the Banks as lien holders and loss payees concerning who would receive any dispersed insurance proceeds. Boland argues that this dispute is sufficient to require SouthTrust and CB & T to be aligned as co-defendants of State Auto. While some circuit courts have refused to realign parties for jurisdictional purposes where such a secondary dispute exists, *see, e.g., Fidelity and Deposit Co. of Maryland v. City of Sheboygan Falls,* 713 F.2d 1261, 1267 (7th Cir.1983) (expressing aversion to "primary purpose" test), that is not the position taken by the Eleventh Circuit or the former Fifth Circuit. *See Weller v. Navigator Marine, Inc.,* 737 F.2d 1547 (11th Cir. 1984) (applying primary purpose test); *Indemnity Insurance Co. of North America v. First National Bank at Winter Park, Fla.,* 351 F.2d 519, 522 (5th Cir.1965) (same).

Applying the primary purpose test to the present case, it is clear that SouthTrust and CB & T must be realigned as co-plaintiffs for jurisdictional purposes. There is no dispute between Boland, SouthTrust, and CB & T as to the primary issue in this case, which is whether State Auto has an obligation to provide coverage for the damages allegedly repaired by Boland at the Enterprise and Andalusia bowling alleys. Despite the fact that their interests may collide in a contingent secondary dispute, they are properly co-plaintiffs for purposes of this suit. *Algernon–Blair, Inc.,* 705 F.Supp. at 1513. Consequently, the removal of this cause is not prevented by the improper alignment of

SouthTrust and CB & T, residents of Alabama, as party defendants. *Accord Broidy v. State Mut. Life Assur. Co. of Worcester, Mass.,* 186 F.2d 490, 492 (2nd Cir. 1951); *Dawson v. Legion Indem., Co.,* 2000 WL 124813, *1 (N.D.Tex. Feb.01, 2000); *Thompson v. Bankers Shippers Ins. Co. of New York,* 479 F.Supp. 956, 958–59 (N.D.Miss.1979); *Henley v. Protective Life Ins. Co.,* 95 F.Supp. 988, 990–91 (S.D.Miss.1951); *Rose,* 17 F.2d at 854.

### V. *CONCLUSION*

The interests of the resident Banks and Boland converge against State Auto for purposes of the primary dispute in this civil action. Properly aligned, therefore, Boland, a citizen of Alabama, and SouthTrust and CB & T, both citizens of Alabama, are plaintiffs, and State Auto, a citizen of Ohio, is the defendant who has the legal right to remove this case. *See* 28 U.S.C. §§ 1332(a)(1) & 1441(a). Therefore, it is hereby ORDERED as follows:

1. Plaintiff Bill Boland's Motion to Remand (doc. # 10) is DENIED.

2. Plaintiff Bill Boland's Request for Attorney's Fees and Costs (doc. # 19) is DENIED.