UTICA HILLCREST MANOR CORP.,
Plaintiff,

v.

PHOENIX INSURANCE COMPANY,
Comptroller of the State of New York,
as Trustee of the New York State Employees Retirement System, as First
Mortgagee, and Federal Housing Administration, 365 Washington Avenue,
Albany, New York, its Successors or
Assigns as Interest May Appear, Defendants.

United States District Court
S. D. New York.
Sept. 15, 1958.

Samuel Schacter, New York City, for plaintiff.

Abrams & Bleich, New York City, for defendant Phoenix Ins. Co., Henry H. Abrams, Benjamin M. Haber, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order that the action be remanded to the Supreme Court of the State of New York. The action was started in the Supreme Court, New York County, and seeks judgment by the plaintiff against defendant Phoenix Insurance Company for the sum of $60,000 for insurance damage on certain property located in Albany, New York. The complaint alleges that the defendant, Phoenix Insurance Company, insured this property against direct loss or damage by windstorm; that the buildings were directly damaged by windstorm; that Phoenix Insurance Company was duly notified thereof but has failed to pay the amount of the loss.

The plaintiff is alleged in the complaint to be a domestic corporation and defendant Phoenix Insurance Company is alleged to be a Connecticut corporation. The other defendants named in the action are the Comptroller of the State of New York, as Trustee of the New York State Employees Retirement System, as first mortgagee, and Federal Housing Administration, 365 Washington Avenue, Albany, New York. The complaint alleges that the insurance policy issued by the defendant Phoenix Insurance Company insured the plaintiff as the owner of the property and said Comptroller as first mortgagee and Federal Housing Administration as its interest may appear. The complaint alleges that these two defendants "are joined as party defendants herein for the hearing and determination of their interest herein as

may appear." The petition for removal to this Court was made by Phoenix Insurance Company on the ground that it is a non-resident defendant and that the action is properly removable to this Court because of this diversity of citizenship, the action being between a New York plaintiff and a Connecticut defendant.

The motion to remand is made on the basis that the two defendants, other than Phoenix Insurance Company, are residents and citizens of New York and that therefore there is not complete diversity, and also that these two defendants did not join in the petition for removal.

 It is well established that in determining diversity of citizenship for purposes of removal the parties should be aligned in accordance with the actual controversy and their actual interest in it, irrespective of the formal alignment made by the pleadings. 76 C.J.S. Removal of Causes § 129 (1952); State cf Oklahoma ex rel. Williams v. Oklahoma Natural Gas Corp., 10 Cir., 1936, 83 F.2d 986; Egyptian Novaculite Co. v. Stevenson, 8 Cir., 1925, 8 F.2d 576, 579; Gratz v. Murchison, D.C.D.Del.1955, 130 F. Supp. 709, 712. In this case it appears obvious from the face of the complaint that the interests of the Comptroller of the State of New York, as Trustee of the New York State Employees Retirement System, and of the Federal Housing Administration, were interests which should be aligned with those of the plaintiff. In effect the suit seeks recovery for damages supposedly covered by an insurance policy issued by the defendant Phoenix Insurance Company. If such damages are recovered they would be payable to the owner, the first mortgagee and the Federal Housing Administration as their interest may appear. Certainly the interests of the first mortgagee and the Federal Housing Administration are interests which are to be aligned with those of the owner and not with those of the insurance company, which is the party against whom relief is sought.

Under such circumstances there is diversity of citizenship between the real plaintiffs and the real defendant, and the foreign corporation had a right to remove the action to this Court under the provisions of 28 U.S.C. § 1441 and § 1446.

The motion to remand is denied. So ordered.