**Louise THOMPSON et al., Plaintiffs,**

v.

**BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK et al., Defendants.**

**No. WC 79–109–S–O.**

United States District Court, N. D. Mississippi, W. D.

Oct. 10, 1979.

Lester F. Sumners, Darden, Sumners, Carter & Trout, P.A., New Albany, Miss., for plaintiffs.

William C. Murphree, Mitchell, McNutt, Bush, Lagrone & Sams, P.A., Tupelo, Miss., for Bankers and Shippers Ins. Co.

Ralph E. Cahpman, Sullivan, Smith & Hunt, Clarksdale, Miss., for North Mississippi Savings & Loan Assn.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the motion of defendant, North Mississippi Savings & Loan Association, to remand this cause to the Circuit Court of Union County, Mississippi. The original action was filed in that court by the plaintiffs, Louise and James H. Thompson, on July 18, 1979. The defendant Bankers and Shippers Insurance Company of New York is a corporation organized and existing under the laws of the State of New York, having its principal place of business in North Carolina. The defendant North Mississippi Savings & Loan Association is a corporation organized and existing under the laws of the State of Mississippi. The plaintiffs' declaration alleges that the defendant Bankers and Shippers Insurance Company issued a policy of insurance on the plaintiffs' mobile home, which was financed through the defendant North Mississippi Savings and Loan. That lending institution has a first claim on any proceeds under the insurance policy, and the plaintiff alleges that the lender is therefore a "necessary party defendant." The plaintiff additionally alleges that on January 9, 1979, the mobile home and its contents were

totally destroyed by fire. The defendant insurance company has not paid the amount which the plaintiffs claim to be due under the policy.

On August 15, 1979, the defendant insurance company filed a petition for removal to this court, alleging that diversity of citizenship existed between the plaintiffs and the defendant insurance company at the time that plaintiff's declaration was filed, and that the defendant savings and loan association was an additional insured under the terms of the policy and should therefore be realigned as a plaintiff. This would effectively create complete diversity of citizenship, and this court would have jurisdiction of the subject matter. North Mississippi Savings and Loan Association then filed the motion to remand, alleging that complete diversity of citizenship does not exist, and the plaintiffs joined in that motion. The response of the defendant Bankers and Shippers Insurance Company renews its request that the court realign the parties to reflect their actual interests.

■ That this court has the authority to realign parties before determining diversity is without question. The issue in the instant case is whether or not this is an appropriate situation for the court to exercise that authority. In its motion to remand, filed pursuant to 28 U.S.C. § 1447(c), North Mississippi Savings and Loan alleges that this action was improvidently removed because complete diversity does not exist among the parties. In determining whether diversity jurisdiction exists, however, the court is not bound by the way in which the plaintiffs aligned the parties in their original declaration. *See e. g., Farmers Alliance Mutual Insurance Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978). The court must look beyond the pleadings and scrutinize the real interests of the parties, in order to conform the positions of the parties to those interests. *City of Dawson v. Columbia Ave., Savings Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713 (1905).

■ In scrutinizing the real interests and realigning the parties in appropriate situations, the court must first examine the pleadings to determine if there is a justiciable controversy. *Farmers Alliance Mutual Insurance Co., supra,* at 1387. Secondly, the court must examine the facts in existence at the time the action was commenced to determine if realignment is proper. *Scott v. Fancher*, 369 F.2d 842 (5th Cir. 1966). Finally, the court must align the parties so that those with the same ultimate interest in the outcome of the action are on the same side. *Taussig v. Wellington Fund, Inc.*, 187 F.Supp. 179 (D.Del.1960), *aff'd.,* 313 F.2d 472 (3d Cir.), *cert. denied,* 374 U.S. 806, 83 S.Ct. 1695, 10 L.Ed.2d 1031 (1963).

■ As previously stated, the plaintiffs' original declaration alleges that the defendant insurance company has vexatiously refused to pay the claim under the terms of the policy, causing the plaintiffs to default in their loan agreement with North Mississippi Savings and Loan. Even though neither defendant has answered, Bankers and Shippers Insurance Company acknowledges in its petition for removal that the action involves a controversy between citizens of different states, and that the amount in controversy is in excess of $10,000. The court is satisfied that the existing pleadings show a justiciable controversy over which this court has jurisdiction. Furthermore, the plaintiffs knew at the time they filed the declaration that North Mississippi Savings and Loan was an additional insured under the policy "with claim to the first proceeds of the policy." The plaintiffs did not state a claim or allege any cause of action against North Mississippi Savings and Loan, but simply added its name as a "necessary party defendant."

■ In determining the ultimate interest of North Mississippi Savings and Loan in the outcome of the action sub judice, this court is guided by the case of *Utica Hillcrest Manor Corp. v. Phoenix Insurance Co.*, 165 F.Supp. 189 (S.D.N.Y.1958). In that case, any recovery of damages covered by the insurance policy was payable to the insured *and* to the mortgagee. The court held that the interests of the mortgagee

were properly aligned with those of the owner, and not with those of the insurance company. The same facts appear in the instant case. North Mississippi Savings and Loan is an additional insured, and any proceeds recoverable under the policy will be payable to it. Since the action is based upon the insurance company's refusal to pay under the terms of the policy, the interests of North Mississippi Savings and Loan coincide with those of the plaintiffs. The motion to remand should therefore be denied, and the parties realigned to reflect their ultimate interests.