**Gary H. McLAUGHLIN d/b/a McLaughlin's IGA Foodliner, Plaintiff,**

v.

**WESTERN CASUALTY AND SURETY COMPANY, a corporation, Defendant.**

**Civ. A. No. 85–0168–H.**

United States District Court,
S.D. Alabama, S.D.

Feb. 27, 1985.

## ORDER

HAND, Chief Judge.

This cause comes before the Court on plaintiff's motion for a remand and sanctions under Fed.R.Civ.P. 11. A hearing was conducted on February 15, 1985, the Honorable W.B. Hand, Chief Judge, presiding.

This case involves an insurance claim for payment due under a policy of fire insurance, along with a claim for fraud and misrepresentation. The original complaint, filed in the Circuit Court of Mobile County, Alabama on January 20, 1981, named as defendants Western Casualty and Surety Co. and Alabama Farm Bureau Mutual Casualty Insurance Co., Inc. Alabama Farm is a corporation organized and existing under the laws of the State of Alabama. On September 9, 1982 the American National Bank & Trust Co. (AmSouth) filed a complaint in intervention in the state court action. As intervenor, AmSouth sought to recover proceeds of insurance policies issued to plaintiff, based on a security agreement between plaintiff and AmSouth. AmSouth is a resident of Alabama for diversity purposes.

On October 22, 1984, defendant Alabama Farm was dismissed from the state court action. On January 28, 1985 AmSouth filed a motion under Ala.R.Civ.Proc. 41(a)(2) to dismiss its complaint in intervention. On February 4, 1985 the date the case had been set down for trial to a jury in Mobile County Circuit Court, defendant Western Casualty announced ready for trial. After a jury was struck and trial was ready to commence, Western Casualty an-

nounced that a petition for removal had been filed in this Court, and a mistrial was ordered by the Circuit Court judge, the Honorable Michael E. Zoghby.

Plaintiff Gary H. McLaughlin has filed an objection to removal and a motion to remand. The objection is based on 28 U.S.C. § 1446(b). The second paragraph of that subsection states:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

■ As originally filed the named defendants included an Alabama resident, therefore complete diversity did not exist. This Alabama resident was dismissed, however, on October 22, 1984, one hundred five days prior to the filing of the petition for removal. Defendant Western Casualty contends that removal was not proper until the dismissal of AmSouth, because AmSouth is also an Alabama resident. This contention is erroneous. AmSouth's interest in the destroyed property was derived entirely from McLaughlin. There was no dispute whatsoever as to the extent of that interest. AmSouth was simply standing with McLaughlin to await recovery. *See, e.g., Broidy v. State Mut. Life Assur. Co.,* 186 F.2d 490 (2d Cir.1951); *Thompson v. Bankers and Shippers Ins. Co. of N.Y.,* 479 F.Supp. 956 (N.D.Miss.1979); *Utica Hillcrest Manor Corp. v. Phoenix Ins. Co.,* 165 F.Supp. 189 (S.D.N.Y.1958). *Cf. City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (diversity must be ascertained from suit's principal purpose); *Hamer v. New York Ry.,* 244 U.S. 266, 37 S.Ct. 511, 61 L.Ed. 1125 (1917) (parties must be realigned for diversity purposes according to their ultimate interests in the outcome of the case); 13B C. Wright, A. Miller and Cooper, *Federal Practice and Procedure,* § 3607

(1984). At the hearing, counsel for Western Casualty indicated that AmSouth had to be in a position adverse to that of Mr. McLaughlin. In light of the above cited case law,[1] the Court fails to see counsel's rationale for such a contention. As the law on this point is so clear as to be virtually "Hornbook", counsel's arguments could only be the product of either a willful attempt to mislead this Court, or of an appalling ignorance.

■ It is clear that, as AmSouth and McLaughlin occupy the position of plaintiffs, the dismissal of Alabama Farm was the incident that brought this case within the jurisdiction of this Court under 28 U.S.C. § 1332. 28 U.S.C. § 1446(b), as noted above, requires removal to be accomplished within thirty days of the case's becoming removable. Defendant Western Casualty removed this case after one hundred five days. Therefore the removal was improvident and the motion to remand is well taken.

Merely remanding this case will not do, however. Having examined the facts of this case, it appears to the Court that the removal petition was not only untimely, but was filed purely for the improper purpose of delaying trial. The Court notes that this case has been pending in state court for fully four years. Enormous time and energy have been expended until, finally, this case was ready for trial. Not content with merely postponing the trial by the stratagem of filing an untimely removal petition, counsel for Western Casualty also ruined an entire state court trial proceeding by announcing ready for trial, striking a jury and then announcing the filing of the petition. (Something they could have accomplished by their own statements before the sounding of the docket.) Such tactics are a reason for the low esteem with which lawyers are currently regarded.

■ Every attorney occupies a position in our society of particular trust and confidence. A client comes to an attorney with the expectations that the resources of

1. Counsel was provided with copies of the above cited cases prior to the hearing.

our legal and judicial system that are at the attorney's disposal will be used to insure the client's fair treatment. It is not merely money that is at stake when an attorney embarks on the representation of a client. Livelihood, professions, reputations, familial relations and even physical and mental health can all be affected by the actions of an attorney. This is particularly true when the representation involves actual litigation. It is every attorney's responsibility to conduct himself in an irreproachable manner in all of his professional dealings, not just in connection with his client escrow account. Attorneys embroiled in litigation must remember their duty to the legal system and the boundaries imposed by that duty. Only then will our system of justice function smoothly, dispense justice even handedly, and safeguard the interests and rights that are at risk.

Fed.R.Civ.P. 11 provides the authority by which a court may discourage delaying and harassing tactics and enforce principled adherence to the obligations imposed on all lawyers. The Rule itself states:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is *well grounded in fact and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is *not interposed for any im-*

*proper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.* If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. *If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose* upon the person who signed it, a represented party, or both, *an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, *including a reasonable attorney's fee.*

(emphasis added).

The Advisory Committee Notes to the Amended Rule indicate that the amendment "should eliminate any doubt as to the propriety of assessing sanctions against the attorney." *Fed.R.Civ.P. 11 advisory committee notes.* The Notes also indicate that the party seeking sanctions should give prompt notice to the court and the offending party. Plaintiff herein filed his objection to removal and request for sanctions on February 6, 1985. This was sufficiently prompt notice.

■ The Court has determined, from the briefs filed and the oral arguments presented, that sanctions under Rule 11 are fully justified. The Rule states that the Court "shall" impose sanctions when appropriate.

■ Rule 11 imposes two duties on every lawyer. First, the attorney must make a reasonable inquiry into both the facts of the case and the law that applies to those facts. Both the facts and the law must support the pleading. Second, the pleading must not be interposed for an improper purpose. An attorney must fulfill both obligations to comply with the Rule. Counsel for defendant Western Casualty have neglected one or both of these responsibilities.

Here the petition for removal was neither "well grounded in fact" nor "warranted by existing law or a good faith argument" for a change in existing law. From the brief and oral argument of counsel for defendant Western Casualty, it is evident that the "reasonable inquiry" prescribed by the Rule was not conducted. The term "reasonable inquiry" connotes an *objective* standard. That is, would that amount of investigation that a reasonable attorney would make uncover the law controlling the attorney's choice of action? The standard is not a subjective one judged by whether the individual attorney believes he conducted a reasonable degree of research. Such a subjective standard would virtually emasculate the Rule and revive the problems associated with former Rule 11.[2]

■ The second duty is less objective than the first. However, it is a generally correct statement that if the first obligation is met, the second will be also. If an attorney fails out of negligence to discharge the first burden, improper motive must still be proven. Such motive may, and by necessity most likely will, be proven by circumstantial evidence.

The law governing the alignment of the parties in this suit is so clear that an objectively reasonable inquiry would have revealed counsel's error. Counsel thus failed to comply with the first duty imposed by Rule 11.

The Court also questions the motive behind the filing of the removal petition. First, counsel's legal arguments are totally without merit, thus the petition is frivolous. Second, the overall facts and circumstances of the case indicate willfulness. That is,

counsel's delay after the dismissal of Alabama Farm; the fact that counsel did not give any hint of the intent to remove after January 28, 1985, even though they knew plaintiff's attorney must be in the process of preparing for trial; and finally, the conduct of counsel on the trial date. The Court also notes that the two attorneys representing defendant Western Casualty have over 33 years of combined experience. The filing of this removal petition was not an oversight caused by inexperience. Counsel for defendant was evidently attempting to put off the trial of this matter, after four years of preparation. The Court finds that some improper motive was present, judging from the overall facts and after listening to counsel's arguments in open court. The Court is convinced by a preponderance of the evidence that defense counsel's actions were willful.

As counsel for defendant have violated Rule 11, sanctions are required. The Court therefore awards costs and the following expenses and attorney's fees as reasonable and just.

Counsel for plaintiff has submitted two sets of expenses, costs and fees incurred due to the filing of this frivolous removal petition. The first set consists of twenty-two (22) hours spent in litigating this removal petition. These twenty-two (22) hours constitute a reasonable period of time. The work performed was all necessary if plaintiff was to succeed on his motion to remand. Plaintiff's counsel was forced to interrupt his busy schedule and spend a great deal of time on a frivolous matter. Finally, counsel succeeded in this litigation, as a remand is being ordered.

---

**2.** One of the main frailties of the prior version of Rule 11 was found in the following language:

> The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. *If a pleading* is not signed or *is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false....*

Fed.R.Civ.P. 11 (West 1960) (emphasis added). Under this Rule courts tended to require both evil motive *and* a complete lack of substance

before finding a violation. *See* 5 C. *Wright & A. Miller, Federal Practice and Procedure* § 1334 (1969 and Supp.1984). The effect was that the duty placed upon counsel was merely to not intentionally distort the truth. Since this is difficult to prove, the Rule had little bite. *See* 5 Wright & Miller, *supra* § 1334 at 500; *Fed.R. Civ.P.* 11 advisory committee notes. A subjective standard in the new Rule would require the court to become embroiled in a factual dispute over intent, a danger against which the advisory committee expressly warned. *Id.*, (Court should avoid "satellite" litigation).

The Court disallows fifteen minutes of the time spent in research and study as being allocated to the copying of cases. Photocopying is a task almost any non-lawyer can perform. The Court therefore allows twenty-one and three-quarters hours (21.75) for plaintiff's counsel's litigating the removal petition.

Counsel for plaintiff also seeks to recover fees for the time he spent in trial preparation before the state court trial. The rationale for this is that by filing a frivolous motion that sidetracked the trial, defendant's counsel forced plaintiff's counsel to repeat the work of trial preparation. Plaintiff presented cogent evidence, in the form of testimony by the president of the local bar association, on this point. The Court has carefully reviewed the itemized list of hours. While some of the tasks need not be repeated, many of the thirty-eight (38) hours are forever wasted. The Court disallows time spent in the dictation and drafting of jury charges and voir dire jury questions. The Court similarly finds that counsel for plaintiff will not require the identical time when this case is retried for reviewing evidence, relevant law or for going over expected testimony with witnesses. The Court therefore allows twenty and one-half (20.5) hours as the amount of time that counsel will of necessity spend in meaningless repetition because this case was improperly and frivolously removed.

The total time for which plaintiff will be able to recover attorney's fees equals 42.25 hours. In light of the conduct exhibited by the attorneys representing defendant Western Casualty, and of the testimony presented by the bar association's president, the Court finds that the rate of $100.00 per hour is reasonable. The total award of fees recovered thus equals $4,225.00. In addition, plaintiff is entitled to recover the $60.00 in subpoena fees wasted when the first state trial was abruptly cancelled, plus the costs incident to this action. The total amount comes to $4,285.00, plus costs. This sum is to be paid to plaintiff's attorney by the two attorneys who represented Western Casualty and signed the removal petition.

Finally, as this case was improvidently removed, *see Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375 (E.D.Pa.1982), it is hereby ORDERED, pursuant to 28 U.S.C. § 1447(c), that this case be REMANDED to the Circuit Court for Mobile County, Alabama.

IT IS SO ORDERED.