**Donald & Susan ZIMMERMAN, and
Donald & Susan Zimmerman as
Trustees, Petitioners**

**v.**

**The UNITED STATES, Respondent.**

**No. CV F 00–6304 AWI LJO.**

United States District Court,
E.D. California.

Nov. 8, 2000.

---

Crystal D. Sluyter, Cortez, CO, for petitioners.

Norma J. Schrock, U.S. Department of Justice, Tax Division, Washington, DC, for respondent.

## ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE MOTION FOR SANCTIONS

ISHII, District Judge.

The United States seeks sanctions pursuant to Rule 11, Federal Rules of Civil Procedure. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72–302.

On October 5, 2000, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within eleven calendar days after the date of service of the findings and recommendations. Petitioners filed objections on October 26, 2000. The United States filed response on November 1, 2000.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) this court has conducted a *de novo* review of this case. *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. The court has carefully reviewed Petitioners' objections and finds them to be of no merit.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued by the Magistrate Judge on October 5, 2000, are adopted in full; and

2. Ms. Sluyter is ordered to pay a sanction in the amount of $2,397 to the United States within fifteen (15) days of the date of service of this order.

## FINDINGS AND RECOMMENDATIONS ON F.R.CIV.P. 11 MOTIONS FOR SANCTIONS

O'NEILL, United States Magistrate Judge.

### INTRODUCTION

The United States of America ("Government") seeks F.R.Civ.P. 11 sanctions of $3,643.44 against attorney Crystal D. Sluyter ("Ms.Sluyter") for the Government's attorney's fees to respond to the now dismissed Petition to Quash Summons and Notice of Foreign Law ("petition") and to bring this motion. An October 6, 2000 hearing was set for the Government's F.R.Civ.P. 11 motion. After review of the parties' papers, this Court considered the Government's motion on the record and without the hearing or oral argument, pursuant to this Court's Local Rule 78–230(h). As discussed below, this Court RECOMMENDS to GRANT the Government's motion but to ORDER Ms. Sluyter to pay a $2,397 sanction to the Government within 15 days of the date of service of the district court's order to adopt these findings and recommendations.

### BACKGROUND

The Internal Revenue Service ("IRS") and its Revenue Agent Velia M. Calvin ("Agent Calvin") are investigating the 1996 and 1997 tax liabilities of petitioners Donald Zimmerman and Susan Zimmerman (collectively "petitioners") and their related trusts. On June

1, 2000, Agent Calvin issued four summonses to two banks for records regarding the trusts' checking accounts and loans to the trusts. Agent Calvin hand delivered copies of the summonses and left them at petitioner Donald Zimmerman's place of business on June 1, 2000. Petitioner Donald Zimmerman claims he did not receive the copies of the summonses until June 6, 2000.

On June 27, 2000, petitioners, through Ms. Sluyter, filed their petition seeking to quash the summonses on grounds, including, "the so-called 'LAW' of the UNITED STATES is not, and has not been shown to be, applicable to the Zimmermans." The petition, signed by Ms. Sluyter, contended petitioners have a validly held belief that the federal law is nothing more than the written will or opinion of individuals published in fancy books, and federal law and the summonses have no inherent authority or application to them. The petition argued there is nothing magical about the pieces of paper labeled "summons." The petition suggested petitioners are not taxpayers and that in and of itself voids the summonses. Thus, the petition requested the Court to quash the summonses because Agent Calvin had no authority to issue them and they were issued in bad faith, on in the alternative, to provide a hearing to address Agent Calvin's lack of authority and grounds for the summonses.

In opposition to the petition, the Government noted that 26 U.S.C. § 7609(b)(2)(A)[1] waives sovereign immunity of the United States when a taxpayer wishes to challenge a summons issued by the IRS to a third party. The Government further noted there is a limited window in that under section 7609(a), the challenge must be filed in court no later than 20 days after the petitioner is given notice of the summons. The Government contended petitioners did not timely file their petition, which must be dismissed for lack of jurisdiction. The Government argued it established its prima facie case of good faith for issuing the summonses in that the IRS is investigating petitioners and their trusts to determine correct tax liabilities for 1996–

1997 and such purposes are authorized under section 7602(a) and (b). The Government contended the sought after information is relevant because it can be used to determine the correct amount of income and expenses of the entities under investigation, and to assist in understanding the relationship among petitioners and the trusts.

On August 8 and 14, 2000, the Government provided Ms. Sluyter notice of its intent to pursue F.R.Civ.P. 11 sanctions and copies of its proposed supporting papers. The Government delayed to August 31, 2000 to file its papers for sanctions to comply with the 21–day safe harbor of F.R.Civ.P.

On September 1, 2000, this Court issued findings and recommendation to deny and dismiss the petition on grounds: (1) the petition was filed beyond the 20–day time limit and thus untimely under section 7609(a); (2) petitioners had not met their heavy burden to establish that issuance of the summonses was an abuse of process or lack of institutional good faith; (3) the petition was frivolous; and (4) there is no requirement for a hearing to address Agent's Calvin's authority to issue the summonses. On September 27, 2000, the district court issued its order to adopt in full the findings and recommendations and to deny the petition as frivolous and untimely.

To support its F.R.Civ.P. 11 motion, the Government contends even the most generous reading of the petition fails to uncover any fact or legal argument with hope of success. The Government points out that financial records assist the IRS to determine correct income of taxpayers, and section 7602 provides the means to obtain those records. Moreover, revenue agents are delegated responsibility to issue summonses. *See United States v. Derr* [92–2 USTC ¶ 50,369], 968 F.2d 943, 947 (9th Cir.1992); *United States v. Saunders* [92–1 USTC ¶ 50,055], 951 F.2d 1065, 1067–1068 (9th Cir.1991). According to the Government, reasonable inquiry would have revealed to Ms. Sluyter that the summonses were issued pursuant to law and the petition was untimely filed.

---

**1.** Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code,

26 U.S.C. §§ 1, *et seq.*

In opposition to the F.R.Civ.P. 11 motion, petitioners claim they were denied administrative procedures and the summonses were in bad faith. Ms. Sluyter adds: "We exist on the basis that we have not only the right, but the duty to demand that our government act within the strictures of the law."

## DISCUSSION

F.R.Civ.P. 11(b) addresses representations to the Court and provides in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ...

F.R.Civ.P. 11(c)(2) addresses the nature of sanctions a court may impose and provides in pertinent part:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.... [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

F.R.Civ.P. 11(c)(1)(A) further provides: "If warranted, the court may award to the party prevailing on the motion [for sanctions] the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."

Purposes of F.R.Civ.P. 11 sanctions are to deter dilatory or abusive pretrial tactics, to avoid delay and unnecessary expense, and to streamline litigation. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986). F.R.Civ.P. 11 "creates an objective standard of 'reasonableness under the circumstances.'" *Golden Eagle*, 801 F.2d at 1536; Advisory Committee Note, 97 F.R.D. 165, 198 (1983).

The Ninth Circuit Court of Appeals has articulated the objective reasonableness standard:

As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness. The "reasonable man" against which conduct is tested is a competent attorney admitted to practice before the district court.

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986), *abrogated on other grounds, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399–400, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

"If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle*, 801 F.2d at 1538; *Zaldivar*, 780 F.2d at 832; *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2nd Cir.1985).

The Ninth Circuit Court of Appeals has further explained:

Sanctions should be imposed if (1) "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is [or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law" or if (2) "a pleading [or other paper] has been interposed for any improper purpose."

*Golden Eagle,* 801 F.2d at 1537 (quoting *Eastway,* 762 F.2d at 254); *see also McLaughlin v. Western Casualty & Surety Co.,* 603 F.Supp. 978, 981 (S.D.Ala.1985).

Prevailing on a motion or petition is not determinative:

> Thus the granting of a motion to dismiss the complaint for failure to state a claim, or the granting of a summary judgment against the pleader is not dispositive of the issue of sanctions. The pleader, at a minimum, must have a "good faith argument" for his or her view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry." Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case.
>
> ... Thus, we affirm that Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.

*Zaldivar,* 780 F.2d at 830–831.

For further guidance, the Second Circuit Court of Appeals has commented:

> Rule 11 "is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" ...

*Associated Indemnity Corp. v. Fairchild Industries, Inc.,* 961 F.2d 32, 34 (2nd Cir.1992).

Here, two judges of this Court found the petition frivolous. The positions asserted in the petition were not found to be warranted by existing law, modification of existing law, or establishment of new law. As frivolous, the petition put the Government (and this Court) to unnecessary effort and expense. The petition is not the product of a reasonable attorney and was untimely filed. As noted by the Government, Ms. Sluyter claimed petitioners were not subject to federal law yet she resorted to this Court and, in turn, federal law to attempt to champion meritless notions. Ms. Sluyter claimed, without legal authority, that petitioners were entitled to a hearing to address Agent Calvin's authority to issue the summonses. Basic legal research would have revealed that they were not entitled to a hearing prior to issuance of the summonses and that the petition was late.

Under an objective standard, there is an absence of a reasonable basis for Ms. Sluyter's frivolous positions. This is compounded by the fact that petitioners had pursued, and Ms. Sluyter had advanced, similar petitions in a prior related action.[2] Imposition of sanctions against Ms. Sluyter will fulfill purposes to deter repetition of her pursuit of frivolous petitions and contentions or comparable conduct by others similarly situated.

The Government's attorney claim she devoted 38 hours to respond to the petition and papers filed by Ms. Sluyter and to pursue this motion. Based on her salary and related expenses, the hourly rate of the Government's attorney is $95.88. Thus, the Government seeks $3,643.44 (38 hours × $95.88). The Government's attorney rate is reasonable, especially compared to rates of attorneys in private practice. However, the requested sanction seems somewhat excessive to accomplish F.R.Civ.P. 11 goals. This Court finds that a sanction of $2,397 (25 hours × $95.88) will better fulfill F.R.Civ.P. 11 purposes.

### CONCLUSION AND RECOMMENDATION

For the reasons discussed above, this Court RECOMMENDS to GRANT the Government's motion and to ORDER Ms. Sluyter to pay a $2,397 sanction to the Government within 15 days of the date of service of the district court's order to adopt these findings and recommendations.

---

2. In the summer 1999, petitioners filed two petitions similar to that at issue here in the related action entitled *"Donald & Susan Zimmerman, et al. v. United States,* CV–F–99–6562 A WI OWW." Although petitioners, not Ms. Sluyter, signed the petitions in the prior related action. Ms. Sluyter filed and signed papers to oppose the Government's motions to dismiss the petitions and to enforce its summonses at issue. This Court found petitioners presented frivolous contentions.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72–304, these findings and recommendations are submitted to United States District Court Judge Anthony W. Ishii, who is assigned to this action. Within 11 calendar days after the date of service of these findings and recommendations on the parties, any party may file written objections to these findings and recommendations with the Rule 72–304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be served and filed within 11 calendar days after the date of service of the objections in compliance with this Court's Local Rule 72–304(d). A copy of the responses shall be served on the magistrate judge. The district court will then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: Oct. 5, 2000.