JACKSON HMA, INC., d/b/a Central Mississippi Medical Center and River Oaks Hospital, Inc. Plaintiffs

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Michael E. Harthcock, Individually and on Behalf of All Wrongful Death Beneficiaries of Katherine Geneva Harthcock, Wilma C. Vickers, Jason C. Smith, Individually and as Personal Representative of Cathy D. Cool (Stampley), Deceased Defendants

No. CIV.A.3:02–CV–159 OB.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 27, 2003.

Armin J. Moeller, Jr., Ernest Russell Turner, Balch & Bingham, LLP, Jackson, MS, for Plaintiffs.

Myles A. Parker, David Zach Scruggs, Kelli Carter McCloskey, Carroll, Warren & Parker, PLLC, Shane F. Langston, Langston, Sweet & Freese, P.A., Vicki Slater, Vicki R. Slater, Attorney, Jackson, MS, for Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion to Remand of Plaintiff Jackson HMA, Inc., d/b/a Central Mississippi Medical Center (hereinafter "Jackson HMA") and Plaintiff River Oaks Hospital, Inc. (hereinafter "River Oaks"). Having considered the Motion, Response, Rebuttal and attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. Background and Procedural History [1]

This cause of action arises out of a coverage dispute under a policy of insurance issued by Defendant St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul") [2] to Health Management Associates, Inc. Plaintiffs Jackson HMA and River Oaks [3] were insureds under the policy. Plaintiffs were aggrieved over the denial of coverage by St. Paul for three separate claims under the policy. The coverage claims arose from three medical negligence / wrongful death suits filed against Jackson HMA and River Oaks by the survivors of three patients. The three patients allegedly died as a result of the negligence of Jackson HMA and River Oaks, and/or their agents. The survivors who asserted the medical negligence /

wrongful death claims against Jackson HMA and River Oaks are the following three Defendants in this suit: (1) Michael E. Harthcock, individually and on behalf of all of the wrongful death beneficiaries of Katherine Geneva Harthcock; (2) Wilma C. Vickers; and (3) Jason C. Smith, individually and as personal representative of Cathy D. Cool (Stampley), deceased (this group of Defendants is hereinafter collectively referenced as "the individual Defendants") [4]. St. Paul denied coverage for the medical negligence claims because of the alleged failure of Jackson HMA and River Oaks to submit claims "in compliance with the requirements of the Policy...." *See,* St. Paul's Memorandum in Opposition to Plaintiffs' Motion to Remand, p. 2.

Seeking coverage under the St. Paul policy, Jackson HMA and River Oaks filed a Complaint for Declaratory Judgment and for Other Relief in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on September 17, 2002. On October 15, 2002, St. Paul removed the case to this Court. St. Paul argues that this Court has jurisdiction over the case because the three individual Defendants should be realigned as Plaintiffs, thus creating complete diversity of citizenship. Plaintiffs filed the subject Motion to Remand on November 14, 2002. The Motion is now ripe for consideration.

---

**1.** The facts stated in this section of the Opinion and Order were generated from numerous pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their accuracy or their truth.

**2.** St. Paul is a corporation organized under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. As such, St. Paul is a resident of Minnesota for diversity of citizenship purposes.

**3.** Both Jackson HMA and River Oaks are corporations organized under the laws of the

State of Mississippi, with their principal places of business in the State of Mississippi. As such, Jackson HMA and River Oaks are both residents of Mississippi for diversity of citizenship purposes.

**4.** All of the decedents and all of the legal representatives of the decedents are resident citizens of the State of Mississippi. Therefore, all of the individual Defendants are citizens of the State of Mississippi for diversity of citizenship purposes.

## II. Analysis

St. Paul removed the case *sub judice* to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between(1) citizens of different states...." All parties agree that the amount in controversy requirement is met. However, Plaintiffs contend that this Court lacks jurisdiction because the diversity of citizenship prong of § 1332 is not met.

█ As the parties are currently aligned, complete diversity of citizenship is lacking. Plaintiffs are citizens of Mississippi, as are the individual Defendants. St. Paul contends that the individual Defendants should be realigned as Plaintiffs. If that occurs, then the diversity of citizenship requirement of § 1332 will be met; i.e., all plaintiffs will be residents of Mississippi, and the sole remaining Defendant, St. Paul, will be a resident of Minnesota. St. Paul argues that the individual Defendants should be realigned because their interests in this suit are the same as those of Plaintiffs Jackson HMA and River Oaks. That is, both Plaintiffs and the individual Defendants have an interest in obtaining coverage under the St. Paul policy for the claims asserted in the underlying state court medical negligence / wrongful death suits. The Court agrees with St. Paul.

█ In *Zurn Indus., Inc. v. Acton Constr. Co., Inc.,* 847 F.2d 234, (5th Cir. 1988), the United States Court of Appeals for the Fifth Circuit set forth standards by which requests for realignment of parties should be measured. The *Zurn* court stated:

As a general rule, diversity of citizenship is determined at the commencement of a lawsuit. *Carlton v. Baww, Inc.,* 751 F.2d 781, 785 (5th Cir.1985).

\* \* \* \* \* \*

█ One exception to the general rule is the realignment of parties. *See City of Indianapolis v. Chase Nat Bank of City of New York,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47.

\* \* \* \* \* \*

█ The Court explained that there must be an actual, substantial controversy between citizens of different states to sustain diversity jurisdiction. *Id.* at 69, 62 S.Ct. at 17. To do that, a court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (quotation omitted). The "necessary 'collision of interest'" has to be determined "from the 'principal purpose of the suit,' and the 'primary and controlling matter in dispute.'" *Id.* (citations omitted).

*Id.* at 236. The *Zurn* court went on to hold that "[t]he objective of ... realignment is only to insure that there is a bona fide dispute between citizens of different states." *Id.* at 237 (citation omitted). Whether realignment is warranted "is to be determined by plaintiff's principal purpose for filing its suit." *Id.* The holdings set forth in *Zurn* provide the standards that this Court must follow in deciding the subject realignment issue. The following case analyzed by this Court, *Thompson v. Bankers and Shippers Ins. Co. of New York,* 479 F.Supp. 956 (N.D.Miss.1979), provides further guidance in that it is factually similar to the subject case.

In *Thompson,* the plaintiffs (Mississippi residents) owned a mobile home that was destroyed by fire. The insurer of the mobile home denied coverage for the loss. The plaintiffs sued the insurer (a resident

of New York and North Carolina) and the financial institution carrying the note on the mobile home (a Mississippi resident). Suit was filed in state court. The plaintiffs sued the insurer for coverage under the policy, and included the financial institution as a necessary party defendant because it had the first claim to proceeds under the policy. The insurer removed the case to federal court on diversity of citizenship grounds. The insurer alleged that the financial institution should be realigned as a plaintiff, thus creating complete diversity, because its interests were consistent with the interests of the plaintiffs. That is, both the plaintiffs and the financial institution would benefit if coverage under the policy was found. The *Thompson* court agreed, holding that "[s]ince the action is based upon the insurance company's refusal to pay under the terms of the policy, the interests of [the financial institution] coincide with those of the plaintiffs." *Id.* at 959.

As in *Thompson,* the interests of the individual Defendants in the subject case are consistent with the interests of Jackson HMA and River Oaks. Both the individual Defendants on the one hand, and Jackson HMA and River Oaks on the other hand, will benefit if St. Paul is found liable for coverage of the claims asserted in the underlying state court suits. The Court therefore finds that there is not an actual or substantial controversy between individual Defendants on the one hand, and Jackson HMA and River Oaks on the other hand, at least in the context of this Declaratory Judgment action. As such, the individual Defendants should be realigned as Plaintiffs. This realignment creates complete diversity of citizenship, requiring the Court to deny Plaintiffs' Motion to Remand.

### III. Conclusion

In accordance with the rulings set forth above, the Court finds that Plaintiffs' Mo-

tion to Remand is not well taken and should be denied.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [5–1] is hereby denied.

IT IS FURTHER ORDERED that the parties are realigned as follows:

PLAINTIFFS:

1) Jackson HMA, Inc., d/b/a Central Mississippi Medical Center

2) River Oaks Hospital, Inc.

3) Michael E. Harthcock, individually and on behalf of all of the wrongful death beneficiaries of Katherine Geneva Harthcock

4) Wilma C. Vickers

5) Jason C. Smith, individually and as personal representative of Cathy D. Cool (Stampley), deceased

DEFENDANT:

1) St. Paul Fire and Marine Insurance Company